IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH BELLA,<br><br>           PLAINTIFF,<br><br>    v.<br><br>OFFICER CHAMBERS, OFFICER JIMENEZ, OFFICER MARTIN, OFFICER DILLON, OFFICER PIPPEN, OFFICER FRIERSON, & the CITY OF CHICAGO,<br><br>           DEFENDANTS. | Case No.  1:20-cv-4025 |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, JOSEPH BELLA (hereinafter "PLAINTIFF"), by and through one of his attorneys, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of DEFENDANTS, OFFICER CHAMBERS, OFFICER JIMENEZ, OFFICER MARTIN, OFFICER DILLON, OFFICER PIPPEN, OFFICER FRIERSON (collectively, "INDIVIDUAL DEFENDANTS"), and the CITY OF CHICAGO states as follows:

**JURISDICTION**

1. This is an action for damages brought pursuant to 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

2. Pendent and supplementary jurisdiction as to PLAINTIFF'S state law claims are invoked pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as the event complained of occurred exclusively in this District.

**PARTIES**

4. PLAINTIFF is a resident of the State of Illinois and a citizen of the United States.

5. At all relevant times, DEFENDANT CITY OF CHICAGO was the principal employer of all INDIVIDUAL DEFENDANTS and is a local public entity as defined by the Illinois Tort Immunity Act.

6. At all relevant times, DEFENDANT OFFICER CHAMBERS ("DEFENDANT CHAMBERS") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

7. At all relevant times, DEFENDANT OFFICER JIMENEZ ("DEFENDANT JIMENEZ") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

8. At all relevant times, DEFENDANT OFFICER MARTIN ("DEFENDANT MARTIN") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

9. At all relevant times, DEFENDANT OFFICER DILLON ("DEFENDANT DILLON") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

10. At all relevant times, DEFENDANT OFFICER PIPPEN ("DEFENDANT PIPPEN") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

11. At all relevant times, DEFENDANT OFFICER FRIERSON ("DEFENDANT FRIERSON") was acting under the color of law, within his or her individual capacity, and in the scope of his or her employment with DEFENDANT CITY OF CHICAGO.

12. When INDIVIDUAL DEFENDANTS engaged in the conduct alleged in this Complaint, they were acting in the course and scope of their employment, while on duty, and as agents of the DEFENDANT CITY OF CHICAGO.

13. At all times material to this Complaint, INDIVIDUAL DEFENDANTS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF CHICAGO.

## **FACTS**

14. On January 7, 2020, PLAINTIFF and his father were located at PLAINTIFF'S parents' residence, 10002 South Indiana Avenue, Chicago, Illinois 60628.

15. At that time and place, PLAINTIFF'S father punched PLAINTIFF in the face, and PLAINTIFF was bleeding as a result.

16. PLAINTIFF left the residence to walk to the gas station behind his parent's house.

17. When PLAINTIFF arrived back at the residence, Chicago police officers were on scene.

18. On scene were the INDIVIDUAL DEFENDANTS.

19. PLAINTIFF walked up to the residence and sat on the front stairs to speak with the officers about the altercation.

20. PLAINTIFF spoke with DEFENDANT JIMENEZ and DEFENDANT CHAMBERS.

21. An unknown officer spoke with PLAINTIFF'S father.

22. DEFENDANT MARTIN returned to where PLAINTIFF, DEFENDANT JIMENEZ and DEFENDANT CHAMBERS were standing, and informed PLAINTIFF that PLAINTIFF was going to be arrested.

23. PLAINTIFF did not resist the arrest.

24. PLAINTIFF complied with the arrest.

25. PLAINTIFF complied with the INDIVIDUAL DEFENDANTS' commands.

26. PLAINTIFF was not physically resisting the INDIVIDUAL DEFENDANTS.

27. DEFENDANT JIMENEZ held PLAINTIFF in a handcuffed position with PLAINTIFF'S hands behind PLAINTIFF'S back.

28. Alternatively, DEFENDANT CHAMBERS held PLAINTIFF in a handcuffed position with PLAINTIFF'S hands behind PLAINTIFF'S back.

29. DEFENDANT JIMENEZ twisted PLAINTIFF'S hand in a tight and rough manner.

30. Alternatively, DEFENDANT CHAMBERS twisted PLAINTIFF'S hand in a tight and rough manner.

31. DEFENDANT JIMENEZ continued to twist PLAINTIFF'S hands behind PLAINTIFF'S back in an extremely aggressive and rough manner.

32. Alternatively, DEFENDANT CHAMBERS continued to twist PLAINTIFF'S hands behind PLAINTIFF'S back in an extremely aggressive and rough manner.

33. PLAINTIFF did not physically resist at any point.

34. Either DEFENDANT JIMENEZ or DEFENDANT CHAMBERS twisted PLAINTIFF'S wrist, which caused PLAINTIFF'S wrist to fracture.

35. PLAINTIFF suffered a displaced wrist fracture as a result of DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

36. One or more INDIVIDUAL DEFENDANTS were aware of the force being used, had the capacity to intervene in the unlawful use of force against PLAINTIFF and failed to do so.

37. DEFENDANT JIMENEZ'S use of force was unreasonable.

38. Alternatively, DEFENDANT CHAMBER'S use of force was unreasonable.

39. DEFENDANT JIMENEZ'S use of force was excessive.

40. Alternatively, DEFENDANT CHAMBER'S use of force was excessive.

41. DEFENDANT MARTIN witnessed DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS harshly twist PLAINTIFF'S wrist.

42. DEFENDANT MARTIN had a reasonable opportunity to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

43. DEFENDANT MARTIN did not attempt to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

44. DEFENDANT DILLON witnessed DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS harshly twist PLAINTIFF'S wrist.

45. DEFENDANT DILLON had a reasonable opportunity to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

46. DEFENDANT DILLON did not attempt to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

47. DEFENDANT PIPPEN witnessed DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS harshly twist PLAINTIFF'S wrist.

48. DEFENDANT PIPPEN had a reasonable opportunity to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

49. DEFENDANT PIPPEN did not attempt to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

50. DEFENDANT FRIERSON witnessed DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS harshly twist PLAINTIFF'S wrist.

51. DEFENDANT FRIERSON had a reasonable opportunity to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

52. DEFENDANT FRIERSON did not attempt to prevent DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force.

## COUNT I
### Fourth Amendment – Excessive Force
**(Against DEFENDANT JIMENEZ and DEFENDANT CHAMBERS)**

53. PLAINTIFF re-alleges paragraphs 1-52 as fully set forth above.

54. DEFENDANT JIMENEZ'S actions in using excessive force unto PLAINTIFF amounted to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

55. Alternatively, DEFENDANT CHAMBERS'S actions in using excessive force unto PLAINTIFF amounted to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

56. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFF to suffer physical injury, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor against DEENDANT JIMENEZ and/or DEFENDANT CHAMBERS and award PLAINTIFF compensatory damages, punitive damages, costs, and attorney's fees, as well as any other relief this Court deems just and equitable.

## COUNT II
### State Law Battery Claim
**(Against DEFENDANT JIMENEZ and DEFENDANT CHAMBERS)**

57. PLAINTIFF re-alleged paragraphs 1-52 as fully set forth above.

58. DEFENDANT JIMENEZ, as alleged above, battered PLAINTIFF by harmfully applying force to his body without consent.

59. Alternatively, DEFENDANT CHAMBERS, as alleged above, battered PLAINTIFF by harmfully applying force to his body without consent

60. DEFENDANT JIMENEZ'S actions were the direct and proximate cause of PLAINTIFF'S injuries.

61. Alternatively, DEFENDANT CHAMBERS' actions were the direct and proximate cause of PLAINTIFF'S injuries

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment against DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS and award PLAINTIFF compensatory damages, punitive damages, attorney's fees, as well as any other relief that this Court deems just and equitable.

## COUNT III
### Fourteenth Amendment – Failure to Intervene
**(Against DEFENDANT MARTIN, DEFENDANT DILLON, DEFENDANT PIPPEN, & DEFENDANT FRIERSON)**

62. PLAINTIFF re-alleged paragraphs 1-61 as fully set forth above.

63. DEFENDANT MARTIN, DEFENDANT DILLON, DEFENDANT PIPPEN, and DEFENDANT FRIERSON knew that DEFENDANT JIMENEZ'S and/or DEFENDANT CHAMBERS'S use of force against PLAINTIFF was excessive and unreasonable.

64. DEFENDANT MARTIN, DEFENDANT DILLON, DEFENDANT PIPPEN, and DEFENDANT FRIERSON had a realistic opportunity to prevent DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS from using excessive force against PLAINTIFF.

65. DEFENDANT MARTIN, DEFENDANT DILLON, DEFENDANT PIPPEN, and DEFENDANT FRIERSON took no actions to prevent DEFENDANT JIMENEZ and/or DEFENDANT CHAMBERS from using excessive force against PLAINTIFF.

WHEREFORE, PLAINTIFF respectfully requests that this court enter judgment against DEFENDANT MARTIN, DEFENDANT DILLON, DEFENDANT PIPPEN, and DEFENDANT FRIERSON and award PLAINTIFF compensatory damages, punitive damages, and attorney's fees, as well as any other relief that this Court deems just and equitable.

## COUNT IV
### State Law Indemnification
### (Against DEFENDANT CITY OF CHICAGO)

66. PLAINTIFF re-alleges paragraphs 1-65 as fully set forth above.

67. The aforementioned acts of the INDIVIDUAL DEFENDANTS were committed under the color of law.

68. INDIVIDUAL DEFENDANTS committed the aforementioned acts within their scope of employment with DEFENDANT CITY OF CHICAGO.

WHEREFORE, should any of the INDIVIDUAL DEFENDANTS be found liable for any claims alleged in this Complaint, PLAINTIFF demands that pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANTS.

## JURY DEMAND

The PLAINTIFF demands trial by jury.

Respectfully Submitted,

*s/ Robert Kroeger*
One of the Plaintiff's Attorneys

Blake Horwitz, Esq
Robert Kroeger, Esq..
**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington, Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 445-8741